UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCIS ANDERSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No.: 3:07-cv-1689 (MRK) |
| T. LANTZ, et al.,<br>    Defendants. | :<br>:<br>: |

**RULING AND ORDER**

Plaintiff Francis Anderson brings this civil rights action against Defendants Dr. Mark Frayne, Jill Haga, Milda Rosario and Dr. Suzanne Ducate.[1] He alleges that Defendants failed to provide mental health care after he reported hearing voices. Plaintiff has filed a Motion for Preliminary Injunction [doc. # 24], seeking an order that Defendants provide him mental health care and stop harassing him for seeking legal redress. For the reasons that follow, Mr. Anderson's Motion for Preliminary Injunction [doc. # 24] is denied.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quotation marks and citation omitted). Preliminary injunctive relief is designed to "preserve[] the status quo pending final resolution of litigation," *Bank of New York Co. v. Northeast Bancorp*, 9 F.3d 1065, 1067 (2d Cir. 1993), and to "prevent irreparable harm to a litigant who, otherwise, might triumph at trial but be left holding an empty bag." *Independence Party v. Graham*, 413 F.3d 252, 256 (2d Cir. 2005).

In addition, "[a] party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits

---

[1] Plaintiff also brought claims against Teresa Lantz; however, all claims against Defendant Lantz were dismissed on July 11, 2008. *See* Ruling Granting Motion to Dismiss [doc. #30].

to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 152-53 (2d Cir. 2007). If a party seeks a mandatory injunction, *i.e.*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard. "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. *See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir.1997). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the Court determines that oral testimony and argument are not necessary in this case.

In response to Mr. Anderson's motion, Defendants have submitted a document showing that Mr. Anderson was transferred to Corrigan Correctional Institution in July 2008. *See* Defendants' Memorandum of Law in Response to Order to Show Cause [doc. #32], Ex. D.[2] All remaining

---

[2] The Court also observes that according to the Connecticut Department of Corrections' Inmate Information Search, available online, that Mr. Anderson appears currently to be detained at Corrigan Correction Institution. *See* Connecticut Department of Corrections, Inmate Information Search, http://www.ctinmateinfo.state.ct.us.

Defendants work at Northern Correctional Institution. *See id.* at 13. In light of his transfer, the remaining defendants no longer provide Mr. Anderson's mental health care. As he no longer has contact with the remaining defendants, Mr. Anderson also should not be subject to any harassment by them. *See Mawhinney v. Henderson,* 542 F.2d 1, 2 (2d Cir. 1976) (holding that inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when inmate is discharged or transferred to a different correctional institution). Accordingly, Mr. Anderson's motion is denied as moot. If, for reasons the Court cannot anticipate at this point, Mr. Anderson has future contact with these Defendants, he may renew his motion.

For the foregoing reasons, Mr. Anderson's Motion for Preliminary Injunction [**doc. #24**] is **DENIED**.

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: September 11, 2008.**